UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| GERRY JOHNS, | CASE NO. 11-cv-02951 (WQH) (MDD) |
|---|---|
| Petitioner, | REPORT AND RECOMMENDATION RE: PETITION FOR WRIT OF HABEAS CORPUS |
| vs. | |
| L.S. MCEWEN, Warden, | [ECF No. 1] |
| Respondent. | |

## I. INTRODUCTION

This Report and Recommendation is submitted to United States District Judge William Q. Hayes pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 72.1(d) of the United States District Court for the Southern District of California. After reviewing the Petition (ECF No. 1), Respondent's Answer and Memorandum of Points and Authorities in support thereof (ECF No. 6), Petitioner's Traverse (ECF No. 8), and the supporting documents and pertinent state court Lodgments, the Court **RECOMMENDS** the Petition be **DENIED** for the reasons stated below

## II. PROCEDURAL HISTORY

On August 7, 1981, Gerry Johns ("Petitioner") was convicted of second degree murder and robbery with a firearm and is serving an indeterminate life sentence. (ECF No. 7-1 at 3-5). On January 28, 2010, while Petitioner was incarcerated at Calipatria

State Prison, a Virgin Mobile cellular telephone located inside a "hot pot" was found in Petitioner's cell. *Id*. at 8, 138. Petitioner was charged with "Unauthorized Communication with/by an Inmate via Cellular Telephone" in violation of California Code of Regulations § 3005(a) and California Penal Code § 4570. *Id*. at 8.

During Petitioner's disciplinary hearing on March 7, 2010, Petitioner pled not guilty. *Id*. at 12. The Senior Hearing Officer found Petitioner guilty and assessed a 60-day forfeiture of good time credits. *Id*. at 13-14. Petitioner appealed the decision and on June 4, 2012, Petitioner's Second Level of Appeal was granted in part modifying the violation to "Possession of Contraband/Cellular Telephone." *Id*. at 17. Consequently, Petitioner's forfeiture of good time credits was adjusted to 30 days. *Id*. On October 28, 2010, Petitioner appealed at the Director's Level and was denied relief. *Id*. at 29-30.

On December 30, 2010, Petitioner filed a Petition for writ of habeas corpus in California Superior Court on the ground that he was "deprived of his Constitutional right to a fair and impartial decision maker." *Id*. at 37. On February 2, 2011, the Superior Court denied the Petition. *Id*. at 53. On March 22, 2011, Petitioner filed a Petition for writ of habeas corpus with the California Court of Appeal on the additional ground that the lower court's decision "was based on an unreasonable determination of the facts in light of the evidence presented." *Id*. at 62. On April 26, 2011, the California Court of Appeal denied the Petition. *Id*. at 99-100. On June 6, 2011, Petitioner filed a Petition for writ of habeas corpus before the California Supreme Court that was denied on November 2, 2011, without comment. *Id*. at 133.

On December 19, 2011, Petitioner filed the instant Petition in this Court and raises two claims. (ECF No. 1). He asserts that his due process rights were violated because he was "deprived of his constitutional right to a fair and impartial decision maker," and that the California Court of Appeal's judgment was "based on an unreasonable determination of the facts in light of the evidence presented." (ECF No. 1 at 6, 9).

## III. STATEMENT OF FACTS

"[A] determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). The court must be "particularly deferential to [its] state-court colleagues." *Taylor v. Maddox*, 366 F.3d 992, 1000 (9th cir. 2004). Accordingly, we presume the following facts taken from the California Court of Appeal's opinion are correct:

> On January 28, 2010, Calipatria State Prison Officer Castro searched the cell assigned to inmate Gerry Johns and his cellmate and reported he discovered a cell phone hidden "inside a hot pot located on top of the cell[']s top bunk easily available to both inmates."
>
> Johns was charged with a serious rules violation for unauthorized communication with/by an inmate via cell phone. At the March 7, 2010 hearing, Johns pleaded not guilty and asserted there was no evidence that he used the phone to conduct an unauthorized communication. A report by the investigative employee assigned to Johns stated that the cellmate admitted the hot pot was his, he did not give Johns permission to use or handle the hot pot and he did not tell Johns there was a cell phone hidden inside the hot pot. The senior hearing officer found Johns guilty of unauthorized communication with/by an inmate via cell phone, a division E offense, and assessed a 60-day forfeiture of credits and 30 days placement on privilege group C.
>
> Johns filed an appeal. The appeal was granted in part at the second level by modifying the rules violation to possession of a cell phone, a division F offense that carried a 30-day forfeiture of credits. The appeals examiner at the director's level found no further relief was warranted, explaining that "[t]he secretion of the cell phone within the hot pot does not provide evidence that [Johns] did not have access to the cell phone or that he was not able to retrieve the cell phone in the same manner as the [reporting employee]."

(ECF No. 7-1 at 99).

## IV. STANDARD OF REVIEW

28 U.S.C. § 2254(a) provides the scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

As amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, 28 U.S.C. § 2254(d) provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

When determining what constitutes "clearly established federal law" under § 2254(d)(1), federal courts look to United States Supreme Court holdings at the time of the state court's decision. *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). A state court's decision is "contrary to" clearly established United States Supreme Court precedent if (1) the state court applies a rule different from the governing law set forth in Supreme Court cases, or (2) the state court confronts a set of facts that are materially indistinguishable from a Supreme Court case, but still reaches a different result. *Williams v. Taylor*, 529 U.S. 362, 405-06, 412 (2000). A state court decision does not have to demonstrate an awareness of clearly established Supreme Court precedent, so long as neither the reasoning nor the result of the state court decision contradict such precedent. *Early v. Packer*, 537 U.S. 3, 8 (2002).

A state court decision may involve an "unreasonable application" of Supreme Court precedent "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." *Williams*, 529 U.S. at 407-08. Alternatively, an unreasonable application may be found "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id*. An unreasonable application of federal law requires the state court decision to be more than incorrect or erroneous. *Lockyer*, 538 U.S. at 76. Petitioner bears the burden of proving the state court acted in a contrary manner. *Woodford v. Visciotti*, 537 U.S. 19, 22 (2002).

The United States Supreme Court has held that "[w]here there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding the judgment or rejecting the same claim rest upon the same ground." *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991). "We think that a presumption which gives them no effect – which simply 'looks through' them to the last reasoned decision – most nearly reflects the role they are ordinarily intended to play." *Id.* at 804. When a state court does not supply reasoning for a decision, an independent review of the record is required to determine if the court clearly erred in applying controlling federal law. *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000). This independent review is not *de novo*, but merely provides the basis for determining whether the state court decision was objectively reasonable. *Id.*

## V. DISCUSSION

Petitioner raises two claims. (ECF No. 1). In Claim One, he asserts that his due process rights were violated because he was "deprived of his constitutional right to a fair and impartial decision maker." *Id.* at 6. In Claim Two, he argues that the California Court of Appeal's decision was "based on an unreasonable determination of the facts in light of the evidence presented." *Id.* at 9.

### A. Due Process

A prisoner's loss of good time credits "is sufficiently embraced within the Fourteenth Amendment 'liberty' to entitle him to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated." *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). If a prisoner loses good time credits after a prison disciplinary hearing, the prisoner is entitled to receive such due process rights as:

> (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action.

*Superintendent, MA Correctional Institution, Walpole v. Hill*, 472 U.S. 445, 454 (1985) (citing *Wolff*, 418 U.S. at 563–67).

Petitioner received his disciplinary due process rights. He was served with a copy of the report and other pertinent documents more than 24 hours in advance of the hearing. (ECF No. 7-1 at 12). The senior hearing officer properly denied Petitioner's request for witnesses because the investigative employee previously interviewed the witnesses and provided their responses in his report, and Petitioner did not have any new questions to ask the witnesses. *Id.* The senior hearing officer provided Petitioner with a report that specified the evidence he relied on and the reasons for the disciplinary action. *Id.* at 13-14.

Inmates have a "statutory right" to good time credits and those credits "[are] to be forfeited only for serious misbehavior." *Wolff*, 418 U.S. at 557. "Prison disciplinary proceedings are not part of the criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Id.* at 556. Consistent with due process, the prison disciplinary board can revoke good time credits if the findings are "supported by *some evidence* in the record." *Hill*, 472 U.S. at 454 (emphasis added). To satisfy this standard, the court "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455-56.

The Supreme Court in *Hill* found that there was "some evidence" to support the finding that three inmates were guilty of assault. *Id.* at 447-48. A correctional officer found the assaulted victim and saw three inmates "jogging away" from the scene. *Id.* at 447. The Court, upholding the disciplinary board's findings, stated that "although the evidence in this case might be characterized as meager, and there was no direct evidence identifying any one of the three inmates as the assailant," the inmates' presence in the group was "some evidence" that one or both committed the assault. *Id.* at 457. The *Hill* Court refused to implement "a more stringent evidentiary standard" because the "revocation of good time credits is not comparable to a criminal conviction." *Id.* at 456. The Court explained that due process "does not require evidence that logically precludes

any conclusion but the one reached by the disciplinary board," but instead requires "some evidence to support the findings." *Id.* at 457.

Petitioner argues that the Director's Level Examiner unreasonably determined that Petitioner had access to and was able to retrieve the cellular telephone. (ECF No. 1 at 8). He specifically claims that his cellmate admitted to possession of the hot pot with the cell phone inside, that the cell phone was not located in a common area, and that he was unaware of the cell phone until it was discovered in the hot pot. (ECF No. 7-1 at 100). The Court of Appeal found that there was "some evidence" to support the Examiner's decision, and explained that "[t]he evidence against Johns was the location of the cell phone –'inside a hot pot that was located on top of the cell[']s top bunk easily available to both inmates'– and the fact that Johns was one of only two inmates who occupied the cell." *Id*. In acknowledging the lack of direct evidence, the Court referenced California case law supporting the application of *Hill*. *See In re Zepeda*, 47 Cal. Rptr. 3d 172, 176 (Ct. App. 2006) (finding the some evidence standard satisfied where razor blades were found in the common area of a cell and one inmate admitted to possession but his cellmate was found guilty of possession).

The United States Supreme Court has held that due process requires "some evidence" to support a prison disciplinary board's findings for a prisoner's loss of good time credits. *Hill*, 472 U.S. at 454. The Court of Appeal applied *Hill*'s "some evidence" standard to find support for the Examiner's decision. *Id*. Accordingly, the Court of Appeal's decision was not contrary to clearly established federal law when it correctly applied *Hill*'s standard to the Examiner's finding.

The "some evidence" standard requires the court to look at whether there is any evidence that could support the prison disciplinary board's findings. *Id.* at 455-56. The Court of Appeal applied *Hill*'s standard to the facts and found that "some evidence" supported the Examiner's decision. (ECF No. 7-1 at 100). The location of the hot pot and the fact that Petitioner and his cellmate were the only two inmates housed in the cell are sufficient to satisfy the "some evidence" standard. *See In re Zepeda*, 47 Cal. Rptr. 3d 172

(2006); *Hamilton v. O'Leary*, 976 F.2d 341, 346 (1992) (holding there was some evidence to uphold the disciplinary board's decision where a prison official found six weapons inside a cell shared by four inmates and the board attributed a 25% probability of ownership to one of the inmates).  As in *Hill*, the evidence can be "meager" and "not direct," as long as the record is not "devoid of evidence" to support the decision.  *Hill*, 474 U.S. at 457. Accordingly, the Court of Appeal's decision did not involve an unreasonable application of clearly established Federal Law.

Petitioner's first claim that his due process rights were violated fails because the Court of Appeal's denial of his claim was neither contrary to, nor an unreasonable application of, clearly established Federal law.

The Court **RECOMMENDS** that Claim One be **DENIED**.

**B. Reasonable Determination of the Facts**

This Court presumes the state court's determination of the facts to be correct and Petitioner must rebut the determination with "clear and convincing evidence."  28 U.S.C. § 2254(e)(1).  The factual findings "are entitled to deference under AEDPA unless they are unreasonable."  *Stanley v. Cullen*, 633 F.3d 852, 861 (9th cir. 2011) (citing *Mendez v. Knowles*, 556 F.3d 757, 771 (9th cir. 2009)).  "[A] decision adjudicated on the merits in state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding."  *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

Petitioner admits that on January 28, 2010, a correctional officer searched his cell and found a cell phone hidden inside a hot pot.  (ECF No. 1 at 6).  The Court of Appeal found the same facts to be true.  (ECF No. 7-1 at 99).  Petitioner did not present and has not presented any contradictory evidence.  Consequently, the Court of Appeal's decision was not unreasonable given the evidence in the record.

Petitioner's second claim fails because the Court of Appeal based its decision on a reasonable determination of the facts in light of the evidence presented.

The Court **RECOMMENDS** that Claim Two be **DENIED**.

## VI. CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Court issue an Order: (1) approving and adopting this Report and Recommendation and (2) denying Petitioner's petition for writ of habeas corpus.

**IT IS HEREBY ORDERED** that any written objections to this Report must be filed with the Court and served on all parties no later than ***October 26, 2012.*** The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than ***November 9, 2012.*** The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED.**

DATED: October 4, 2012

**Hon. Mitchell D. Dembin**
**U.S. Magistrate Judge**