**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GERRY JOHNS,<br><br>                Petitioner,<br>  vs.<br>L.S. MCEWEN, Warden,<br><br>                Respondent. | CASE NO. 11cv2951 WQH (MDD)<br><br>ORDER |

HAYES, Judge:

    The matter before the Court is the Report and Recommendation (ECF No. 9) of United States Magistrate Judge Mitchell D. Dembin.

**BACKGROUND**

    On July 10 1981, in California Superior Court, County of San Bernardino, Petitioner Gerry Johns was convicted by a jury of second-degree murder and robbery with firearm enhancements. (ECF No. 7-1 at 3-4). On August 7, 1981, Petitioner was sentenced to an indeterminate life sentence. *Id.* at 5-6.

    On January 28, 2010, while Petitioner was incarcerated at Calipatria State Prison, a cellular telephone was found "secreted inside a hot pot" in Petitioner's cell. *Id.* at 8. Prison reports state that the hot pot was located "on top of the cell's top bunk easily available to both inmates." *Id.* Petitioner and his cell mate were charged with "unauthorized communication with/by an inmate via cellular telephone" in violation of California Code of Regulations § 3005(a) and California Penal Code § 4570. *Id.*

On March 7, 2010, a disciplinary hearing was held. Petitioner pled not guilty. *Id.* at 12. On March 18, 2010, Petitioner was found guilty by the hearing officer and assessed a 60-day forfeiture of good time credits. *Id.* at 13-14. Petitioner filed a "Second Level Appeal" within the prison, which was granted in part on June 4, 2010; Petitioner's violation was reduced to "possession of contraband/cellular telephone" and his good time credit forfeiture was reduced to 30 days. *Id.* at 16-17. Petitioner appealed the June 4, 2010 decision to the "Director's Level," where he was denied any further relief on October 28, 2010. *Id.* at 29-30.

On December 30, 2010, Petitioner filed a habeas corpus petition in California Superior Court, County of Imperial. *Id.* at 35-42. On February 2, 2011, the California Superior Court denied the petition. *Id.* at 52-53.

On March 22, 2011, Petitioner filed a habeas corpus petition in the California Court of Appeal. *Id.* at 57-66. On April 26, 2011, the California Court of Appeal denied the petition. *Id.* at 99-100.

On June 6, 2011, Petitioner filed a habeas corpus petition in the California Supreme Court. *Id.* at 102-111. On November 2, 2011, the California Supreme Court summarily denied the petition. *Id.* at 133.

On December 19, 2011, Petitioner filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 in this Court, raising two claims for relief: (1) deprivation of due process on the grounds that Petitioner was not afforded "a fair and impartial decision maker"; and (2) the decision of the California Court of Appeal "was based on an unreasonable determination of the facts in light of the evidence presented." (ECF No. 1). On April 23, 2012, Respondent filed an Answer, contending that the state courts properly denied Petitioner's claims. (ECF No. 6). On May 23, 2012, Petitioner filed a Traverse. (ECF No. 8). On October 4, 2012, the Magistrate Judge issued a Report and Recommendation, recommending that the Petition be denied. (ECF No. 9). On October 29, 2012, Petitioner filed objections to the Report and Recommendation. (ECF No. 10). The docket reflects that Respondent did not file a reply.

//

**STANDARD OF REVIEW**

The duties of the district court in connection with a Report and Recommendation of a Magistrate Judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1). When a party objects to a Report and Recommendation, "[a] judge of the [district] court shall make a de novo determination of those portions of the [Report and Recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed. R. Civ. P. 72(b); *see also* 28 U.S.C. § 636(b)(1).

**DISCUSSION**

This Court's review of the Petition is governed by the deferential standard of the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996. Under this standard, a petition cannot be granted unless the state court decision was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see also Williams v. Taylor*, 529 U.S. 362, 404-05 (2000). "[A] federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. . . . Rather, that application must be objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003) (internal quotation marks and citations omitted).

"Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the claim rest on the same grounds." *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991). This is referred to as the "look through" presumption. *Id.* at 804; *Plascencia v. Alameida*, 467 F. 3d 1190, 1198 (9th Cir. 2006). In this case, the last reasoned decision was the California Court of Appeal's Order on Petitioner's state habeas petition.

//

**I.      Claim One: Deprivation of Due Process**

The California Court of Appeal stated:

> On January 28, 2010, Calipatria State Prison Officer Castro searched the cell assigned to inmate Gerry Johns and his cellmate and reported he discovered a cell phone hidden 'inside a hot pot located on top of the cell[']s top bunk easily available to both inmates.'
>
> Johns was charged with a serious rules violation for unauthorized communication with/by an inmate via cell phone. At the March 7, 2010 hearing, Johns pleaded not guilty and asserted there was no evidence that he used the phone to conduct an unauthorized communication. A report by the investigative employee assigned to Johns stated that the cellmate admitted the hot pot was his, he did not give Johns permission to use or handle the hot pot and he did not tell Johns there was a cell phone hidden inside the hot pot. The senior hearing officer found Johns guilty of unauthorized communication with/by an inmate via cell phone, a division E offense, and assessed a 60-day forfeiture of credits and 30 days' placement on privilege group C.
>
> Johns filed an appeal. The appeal was granted in part at the second level by modifying the rules violation to possession of a cell phone, a division F offense that carried a 30-day forfeiture of credits. The appeals examiner at the director's level found no further relief was warranted, explaining that '[t]he secretion of the cell phone within the hot pot does not provide evidence that [Johns] did not have access to the cell phone or that he was not able to retrieve the cell phone in the same manner as the [reporting employee].' Johns sought habeas relief at superior court but without success....
>
> Prison disciplinary action will not be disturbed so long as 'some evidence' supports the action taken. (*Superintendent v. Hill* (1985) 472 U.S. 445, 455.) The evidence against Johns was the location of the cell phone – 'inside a hot pot that was located on top of the cell[']s top bunk easily available to both inmates' – and the fact that Johns was one of only two inmates who occupied the cell. Although there was no direct evidence identifying Johns as the inmate who committed the rules violation, the evidence was sufficient to support the prison official's determination that Johns had possession of the cell phone. (*In re Zepeda* (2006) 141 Cal. App. 4th 1493, 1499.) We do not review Johns's claims of error with respect to superior court's denial of relief. (*In re Clark* (1993) 5 Cal. 4th 750, 767, fn. 7.)
>
> The petition is denied.

(ECF No. 7-1 at 99-100).

The Magistrate Judge stated, in pertinent part:

> ...The United States Supreme Court has held that due process requires "some evidence" to support a prison disciplinary board's findings for a prisoner's loss of good time credits. *Hill*, 472 U.S. at 454. The Court of Appeal applied *Hill*'s "some evidence" standard to find support for the Examiner's decision. *Id.* Accordingly, the Court of Appeal's decision was not contrary to clearly established federal law when it correctly applied *Hill*'s standard to the Examiner's finding.
>
> The "some evidence" standard requires the court to look at whether there

is any evidence that could support the prison disciplinary board's findings. *Id.* at 455-56. The Court of Appeal applied *Hill*'s standard to the facts and found that "some evidence" supported the Examiner's decision. (ECF No. 7-1 at 100). The location of the hot pot and the fact that Petitioner and his cellmate were the only two inmates housed in the cell are sufficient to satisfy the "some evidence" standard. *See In re Zepeda*, 47 Cal. Rptr. 3d 172 (2006); *Hamilton v. O'Leary*, 976 F.2d 341, 346 (1992) (holding there was some evidence to uphold the disciplinary board's decision where a prison official found six weapons inside a cell shared by four inmates and the board attributed a 25% probability of ownership to one of the inmates). As in *Hill*, the evidence can be "meager" and "not direct," as long as the record is not "devoid of evidence" to support the decision. *Hill*, 474 U.S. at 457. Accordingly, the Court of Appeal's decision did not involve an unreasonable application of clearly established Federal Law.

Petitioner's first claim that his due process rights were violated fails because the Court of Appeal's denial of his claim was neither contrary to, nor an unreasonable application of, clearly established Federal law.

The Court RECOMMENDS that Claim One be DENIED....

(ECF No. 9 at 7-8).

### A.   First Objection: 15 C.C.R. § 3022

In his first objection, Petitioner objects to the Magistrate Judge's recommendation that the Court deny his due process claim, contending that Petitioner should have been permitted to introduce California Code of Regulations section 3022(l) as "documentary evidence in his defense" at the March 7, 2010 disciplinary hearing. (ECF No. 10 at 2-3 (citing 15 C.C.R. § 3022)).

California Code of Regulations § 3022(l), which states that "[n]o inmate or group of inmates will be given or permitted to assume control over other inmates," is irrelevant to the facts of this case because Petitioner's guilt was not based upon a finding that Petitioner's cell mate "assume[d] control over" Petitioner. 15 C.C.R. § 3022(l). The Magistrate Judge and the California Court of Appeal correctly found that the hearing officer's finding of guilt was based on the location of the cellular telephone in Plaintiff's cell, which was occupied by Plaintiff and one other inmate.

### B.   Second Objection: 15 C.C.R. § 3320(l)

In his second objection, Petitioner appears to object to the Magistrate Judge's recommendation on the grounds that the Magistrate Judge incorrectly applied the "some evidence" standard to the underlying offense, and should instead have determined whether

there was "some evidence" to support the "hearing officer's finding of guilt ... based on [the] preponderance of the evidence" pursuant to 15 C.C.R. § 3320(l).  (ECF No. 10 at 3-4).

California Code of Regulations § 3022(l) states, in pertinent part:

> The inmate may present documentary evidence in defense or mitigation of the charges. Any finding of guilt shall be based upon determination by the official(s) conducting the disciplinary hearing that a preponderance of evidence submitted at the hearing substantiates the charge.

15 C.C.R. § 3320(l).

An inmate in California is entitled to due process before being disciplined when the discipline imposed will inevitably affect the duration of his sentence. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995). The process due in such a prison disciplinary proceeding includes written notice, time to prepare for the hearing, a written statement of decision, allowance of witnesses and documentary evidence when not unduly hazardous, and aid to the accused where the inmate is illiterate or the issues are complex. *Wolff v. McDonnell*, 418 U.S. 539, 564–67 (1974).

The revocation of good-time credits does not comport with the minimum requirements of procedural due process in *Wolff* unless the findings of the prison disciplinary decision-maker are supported by some evidence in the record. *Superintendent v. Hill*, 472 U.S. 445, 454 (1985). There must be "some evidence" from which the conclusion of the decision-maker could be deduced. *Id.* at 455. An examination of the entire record is not required nor is an independent assessment of the credibility of witnesses or weighing of the evidence. *Id.* This standard is considerably lower than that applicable in criminal trials. *Id.* at 456. The Ninth Circuit additionally has held that there must be some indicia of reliability of the information that forms the basis for prison disciplinary actions. *Cato v. Rushen*, 824 F. 2d 703, 704–05 (9th Cir. 1987).

The Court finds that the Magistrate Judge correctly applied the "some evidence" standard from *Hill* to the facts of this case. *See Walker v. Sumner*, 14 F. 3d 1415, 1419–20 (9th Cir. 1994) (explaining that the Due Process Clause only requires that prisoners be afforded those procedures mandated by *Wolff*, and does not require that a prison comply with its own, more generous procedures), overruled on other grounds by *Sandin*, 515 U.S. at 472 (1995);

*Bostic v. Carlson*, 884 F. 2d 1267, 1270 (9th Cir. 1989) (prison's failure to meet its own guideline requiring a hearing to be held within eight days of charge would not alone constitute denial of due process); *Avina v. Adams*, 1:10-CV-00790-AWI, 2012 WL 2995473, at *2 (E.D. Cal. July 23, 2012) ("While Petitioner contends that there was not a preponderance of the evidence to support his guilty verdict, this is not the evidentiary standard upon which federal courts may review prison disciplinary hearings. Instead, as stated above, the standard is less stringent and only requires 'some evidence.'"). The Magistrate Judge correctly found that "the location of the hot pot and the fact that Petitioner and his cellmate were the only two inmates housed in the cell" is sufficient evidence to satisfy the "some evidence" standard proscribed by *Hill*. The Magistrate Judge correctly concluded that Petitioner has failed to demonstrate that the California Court of Appeal's decision to deny Petitioner's first claim was contrary to, or an unreasonable application of, Supreme Court precedent.

## II.     Claim Two: Unreasonable Determination of the Facts

As to claim two of the Petition, Petitioner "objects to the Magistrate[']s report and recommendation which alleges that Petitioner did not present and has not presented any contradictory evidence." (ECF No. 10 at 3).

The Magistrate Judge stated in pertinent part:

> This Court presumes the state court's determination of the facts to be correct and Petitioner must rebut the determination with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). The factual findings "are entitled to deference under AEDPA unless they are unreasonable." *Stanley v. Cullen*, 633 F.3d 852, 861 (9th cir. 2011) (citing *Mendez v. Knowles*, 556 F.3d 757, 771 (9th cir. 2009)). "[A] decision adjudicated on the merits in state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).
>
> Petitioner admits that on January 28, 2010, a correctional officer searched his cell and found a cell phone hidden inside a hot pot. (ECF No. 1 at 6). The Court of Appeal found the same facts to be true. (ECF No. 7-1 at 99). Petitioner did not present and has not presented any contradictory evidence. Consequently, the Court of Appeal's decision was not unreasonable given the evidence in the record.
>
> Petitioner's second claim fails because the Court of Appeal based its decision on a reasonable determination of the facts in light of the evidence presented.
>
> The Court RECOMMENDS that Claim Two be DENIED....

(ECF No. 9 at 7-8).

Habeas relief is available if the state court's adjudication of a claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in state court." 28 U.S.C. § 2254(d)(2). Petitioner must demonstrate that the factual findings upon which the state court's adjudication of his claims rest, assuming it rests on a factual determination, are objectively unreasonable. *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

The Magistrate Judge identified the correct legal standard for reviewing Petitioner's claim that the state court made an unreasonable factual determination. Petitioner has presented no evidence contradicting the factual findings of the California Court of Appeal. The Magistrate Judge correctly concluded that Petitioner has failed to demonstrate that the California Court of Appeal's decision to deny the petition "was based on an unreasonable determination of the facts in light of the evidence." 28 U.S.C. § 2254(d); *see also Williams v. Taylor*, 529 U.S. 362, 404-05 (2000).

## CERTIFICATE OF APPEALABILITY

A certificate of appealability must be obtained by a petitioner in order to pursue an appeal from a final order in a Section 2254 habeas corpus proceeding. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). It must appear that reasonable jurists could find the district court's assessment of the petitioner's constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). The Court concludes that jurists of reason could not find it debatable whether this Court was correct in denying the Petition. The Court declines to issue a certificate of appealability.

//

//

## CONCLUSION

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 9) is adopted in its entirety. The Petition for Writ of Habeas Corpus is DENIED. The certificate of appealability is DENIED.

DATED: February 6, 2013

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge